# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARSHA BARTEL, | ) |
| Plaintiff, | ) No. 07 C 2925 |
| v. | ) Judge John W. Darrah |
| NBC UNIVERSAL, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marsha Bartel, filed suit against Defendant, NBC Universal, Inc., ("NBC"), asserting breach of contract. Presently pending before this Court is the Defendant's Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

Bartel worked as an investigative journalist for NBC since 1985 until she was terminated from her employment on or about December 24, 2006. During this time, Bartel was known in her field and recognized by NBC to be an excellent producer and investigator. As an employee of NBC, Bartel was expected to know and comply with NBC's ethical standards and bring any breach of such standards to the attention of the President of NBC News or to the Executive

Producer for Broadcast Standards. In March 2006, Bartel entered into a new employment contract with NBC ("the Contract"), in which NBC agreed to employ Bartel from December 26, 2005 to December 20, 2009. Paragraph 4(a) of the contract states:

> The term of this agreement shall commence on December 26, 2005 and shall continue, subject to suspension, extension, or termination as hereinafter provided, for a period of two hundred and eight (208) consecutive weeks thereafter. The term hereof shall be divided into four (4) consecutive cycles of fifty-two (52) weeks each. NBC shall have the right to terminate this Agreement effective at the end of any cycle prior to the last by giving Artist written notice not less than twenty-eight (28) days prior to the end of any such cycle. This Agreement shall automatically terminate at the end of the last cycle without notice, unless the parties agree otherwise."

On or about August 9, 2006, Bartel was assigned to act as the sole producer for NBC's Dateline television series, "To Catch a Predator." As the producer, Bartel was responsible for everything in the broadcast, including the accuracy and ethics of the journalists' actions and statements. Over time, Bartel became aware that the manner in which NBC's Dateline conducted the series violated many of NBC's own policies and guidelines, as well as ethical standards of journalism. Bartel brought her concerns to the attention of Dateline producer Lynn Keller, Dateline correspondent Chris Hansen, Dateline senior producer Allen Maraynes, Dateline executive producer David Corvo, Dateline attorney Craig Bloom and to the attention of the Executive Producer for broadcast standards. When her concerns were ignored, Bartel advised NBC that she could not act as a producer for the series.

On or about November 17, 2006, NBC notified Bartel that it was terminating her employment, effective December 24, 2006, and advised Bartel that she had been included in a mass layoff precipitated by general business factors. However, Bartel alleges that this was just a pretext and that she was actually terminated because she insisted on compliance with NBC's corporate rules and ethical standards of journalism. In light of NBC's termination of the contract, Bartel filed the instant Complaint; and NBC filed a motion to dismiss.

**ANALYSIS**

NBC seeks to dismiss Bartel's Complaint for failure to state a claim. In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (alteration in *Bell Atlantic*). Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads itself out of court. *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 767 (7th Cir. 2007).

NBC argues that Bartel has failed to state a claim for breach of contract because, in terminating Bartel's employment, NBC acted within its rights under the contract. NBC

terminated Bartel's employment at the end of her first fifty-two-week cycle by giving Bartel written notice more than twenty-eight days prior to the end of the cycle, as required under the contract.

Bartel maintains that her claim should survive for two reasons. First, because the terms of the contract are ambiguous, therefore, extrinsic evidence is necessary to determine the intent of the parties. The specific words Bartel calls into question are "term" and "cycle" as used in paragraph 4(a) of the contract. However, those words are clearly defined in that same paragraph: The word "term" describes a two-hundred-and-eight-week period of time, beginning on December 26, 2005 and ending December 20, 2009. The word "cycle" refers to each of the fifty-two-week periods contained within the two-hundred-and-eight-week term. Because the meaning of the contract is plain on its face, New York law[1] requires this Court to end its inquiry without considering extrinsic evidence. *WWW Assoc. Inc. v. Giancontieri*, 556 N.E.2d 639, 642 (N.Y. 1990).

Second, Bartel argues that, even if the language of the contract is not ambiguous, there was an implied understanding under the contract that both Bartel and NBC would act according to the code of journalistic ethics in furtherance of their agreement. Bartel claims NBC breached this implied term of the contract when it terminated Bartel's employment because the true reason for her termination was her adherence to the ethical standards of journalism.

The New York Supreme Court has repeatedly held that, absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in an employment contract, an employer or employee is free to terminate the employment relationship "at any time

---

[1] The Parties agree that New York law is applied to Bartel's breach of contract claim.

4

for any reason or even for no reason." *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 300 (N.Y. 1983); *Horn v. New York Times*, 790 N.E.2d 753, 755 (N.Y. 2003) (*Horn*). Although the employment contract between Bartel and NBC prescribes when and how NBC may terminate Bartel's employment, it does not impose any restriction on the reason for termination. Therefore, under the contract, NBC had the right to terminate Bartel's employment for any reason or for no reason.

The New York Supreme Court did carve out a narrow exception to its well-settled employment-at-will doctrine, finding that a law firm has an implied-in-law obligation not to fire an attorney employee for insisting that the firm comply with a particular disciplinary rule.[2] *Wieder v. Skala*, 80 N.Y. 2d 628, 637 (N.Y. 1992) (*Wieder*). This exception is grounded in the unique relationship between an attorney and a law firm. As a member of the bar, an attorney is under a legal duty to adhere to the disciplinary rules; and an attorney who fails to do so could face suspension or disbarment. This responsibility of an attorney is at the core of his association with a law firm; and, as such, the association between a lawyer and a firm is intrinsically unique from other employee/employer relationships. *See Wieder*, 80 N.Y. 2d at 637.

---

[2] The specific rule considered in *Wieder* requires judges and attorneys to report any potential violations of the Disciplinary Rules to the Disciplinary Committee of the Appellate Division. DR 1-103 (A).

New York courts have declined to extend this narrow exception in any other circumstances or professions, including physicians and accountants. *Horn*, 790 N.E.2d at 759; *Smith v. AVSC Intern., Inc.*, 148 F. Supp. 2d 302, 316 (S.D.N.Y. 2001). Under the circumstances of this case between Bartel, a journalist and NBC, a news organization, the extremely narrow exception articulated in *Wieder* does not apply.

Based on the above, NBC's Motion to Dismiss Plaintiff's Complaint is granted.

## CONCLUSION

For the foregoing reasons, NBC's Motion to Dismiss Plaintiff's Complaint is granted.

Dated: October 31, 2007

JOHN W. DARRAH
United States District Court Judge